# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LORENZO REESE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:23-cv-01249-ACA-SGC |
| | ) |
| DR. SHARPTON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Lorenzo Reese, proceeding *pro se*, filed this action under 42 U.S.C. § 1983. (Doc. 1). Mr. Reese claims Defendant Dr. Hobert Sharpton was deliberately indifferent to Mr. Reese's serious medical needs in violation of the Eighth Amendment of the United States Constitution. (*Id.* at 2, 6–7). He seeks both monetary damages and injunctive relief in the form of an order requiring Dr. Sharpton or his employer (YesCare, the Alabama Department of Corrections's contracted medical provider) to transport him to a hospital for treatment. (*Id.* at 6–7).

Mr. Reese's sworn complaint alleges that in December 2022, while incarcerated at Donaldson Correctional Facility, he stepped off a ramp, fell, and hurt his left arm, wrist, and hand. (*Id.* at 5). Two weeks later, Mr. Reese's hand was X-rayed, and he was told he needed an MRI. (Doc. 1 at 6). Mr. Reese's complaint

asserted that after he was examined at an external hospital in May 2023, Dr. Sharpton told him that he would not be sent to a specialist because this was a pre-existing injury; Mr. Reese claims it was not. (*Id.* at 6). Mr. Reese complained that his arm continues to swell and he suffers from severe pain. (*Id.*).

Dr. Sharpton appeared and filed a special report with supporting evidence, including excerpts of Mr. Reese's medical records. (Docs. 13, 14). The medical records reflect that in the year following the initial injury Mr. Reese had multiple medical appointments. (Doc. 13-2). Before any imaging was conducted, a nurse practitioner applied a splint. (*Id.* at 2). After a radiologist concluded that the X-ray did not show a fracture or other issue, Dr. Sharpton prescribed pain medication. (*Id.* at 4–7). A second round of imaging ordered five months after the fall again showed no acute fracture or dislocation. (*Id.* at 16). A third round of imaging six months after the fall revealed no fracture and no significant abnormality in the carpal bones but did show severe inflammation of tendons in the wrist. (*Id.* at 22–23); *see* de Quervain Tenosynovitis, Stedman's Med. Dictionary (2014).

Dr. Sharpton's undisputed testimony is that surgery is not recommended as initial treatment for tenosynovitis; the recommended treatment includes nonsteroid anti-inflammatory drugs for pain relief, ice, joint immobilization with a splint, steroid injections, and/or physical therapy. (Doc. 13-1 at 7). So Dr. Sharpton continued to treat Mr. Reese's complaints of pain by prescribing various pain

medications on subsequent visits. (Doc. 13-2 at 26, 28). Mr. Reese's last exam with Dr. Sharpton occurred on November 8, 2023. (Doc. 13-1 at 7–8).

In March 2024, Mr. Reese's new physician ordered a fourth round of imaging after Mr. Reese fell in the "yard." (Doc. 13-2 at 50). These images revealed a navicular fracture. (*Id.* at 51; doc. 13-1 at 8); *see* Navicular, Stedman's Med. Dictionary (2014); Scaphoid, Stedman's Med. Dictionary (2014).

After Mr. Reese filed his complaint, the magistrate judge ordered a special report. (Doc. 8). Dr. Sharpton filed his special report (doc. 13), which the magistrate judge construed as a motion for summary judgment (doc. 17). The magistrate judge ordered Mr. Reese to respond within twenty-one days. (*Id.*).

Mr. Reese filed a "Motion for Summary Judgment" and a supporting affidavit within the time allowed for his response. (Docs. 18–19). The affidavit describes Mr. Reese's treatment by the doctor who has treated him after Dr. Sharpton and reiterates his request for surgery and follow-up treatment. (Doc. 18-1 at 6). Several months later, Mr. Reese submitted numerous medical records relating to a surgery to repair the fracture.[1] (Doc. 21). Those records indicate that X-rays taken in August 2024 showed no acute fractures but severe tenosynovitis, with a note that "chronic ossification" suggested "sequela of prior trauma." (Doc. 21 at 10–11); *see* Sequela,

---

[1] Mr. Reese submitted these medical records without redaction; the unredacted documents appear at docket entry 20, which has been sealed, and the redacted version appears at docket entry 21.

3

Stedman's Med. Dictionary (2014) ("A condition following as a consequence of a disease."). The radiologist also noted that Mr. Reese had signs of a "healed fracture." (Doc. 21 at 10–11). In September 2024, Mr. Reese had surgery to address the tenosynovitis. (*Id.* at 25).

The magistrate judge entered a report recommending the court grant Dr. Sharpton's motion for summary judgment and deny Mr. Reese's motion for summary judgment as moot. (Doc. 23 at 17). The court notes that although Mr. Reese titled his filing a motion for summary judgment, he presented arguments in opposition to Dr. Sharpton's motion for summary judgment, and the magistrate judge considered those arguments in the report and recommendation. (*See, e.g.*, doc. 23 at 15–16). Accordingly, to the extent Mr. Reese's motion for summary judgment was a response to the special report, the court clarifies that both the magistrate judge and this court considered the argument made in the response and the evidence filed with it, and the argument and evidence do not change the result.

After the magistrate judge entered the report and recommendation, Mr. Reese filed a "Motion for Evidentiary Hearing," which the court construes as an objection to the report and recommendation. (Doc. 24). In that filing, Mr. Reese (1) asks to expand the record under Rule 8(a) of the Rules Governing Section 2254 Cases; (2) asserts that in August 2024, another doctor found that he needed emergency surgery because of his broken bone; (3) seeks permission to subpoena the physician

4

who conducted his September 2024 surgery; and (4) asks to be appointed counsel. (*Id.* at 1–3). In support of the motion, Mr. Reese proffers a request he made of defense counsel for further medical records that postdate Dr. Sharpton's involvement in his care. (Doc. 24-1 at 2). He then refiled the medical evidence relating to his August 2024 X-ray and September 2024 surgery. (Doc. 25).

First, the only specific objection Mr. Reese makes to the report and recommendation is his assertion that in August 2024, a doctor determined he needed emergency surgery to address a broken bone in his hand. (Doc. 24 at 2). But the medical evidence he submitted from that period shows that the physician recommended surgery to address his tenosynovitis, not a broken bone. (Doc. 21 at 10–11, 25). Accordingly, the court **OVERRULES** that objection. To the extent Mr. Reese attempts to generally object to the rest of the report and recommendation (*see* doc. 24 at 1), those objections are not specific enough, *see* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or *specified proposed findings or recommendations* to which objection is made.") (emphasis added).

Second, Mr. Reese's belated request for appointment of counsel is due to be denied because there is no constitutional right to counsel in a civil case. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). Instead, the appointment of counsel in a civil matter is a privilege justified only by exceptional circumstances, such as

5

novel or complex litigation. *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). The claims in this action are not novel or complex, and Mr. Reese has not shown how the litigation otherwise justifies appointed counsel. Accordingly, the court **WILL DENY** motion for appointment of counsel.

Third, Mr. Reese's contention that he is entitled to an evidentiary hearing under Rule 8(a) of the Rules Governing Section 2254 Cases also falls short. The Rules Governing Section 2254 Cases apply to actions seeking a writ of habeas corpus pursuant to 42 U.S.C. § 2254. Mr. Reese's claim under § 1983 is governed by the Federal Rules of Civil Procedure. Accordingly, the court **WILL DENY** this request.

Finally, Mr. Reese's requests to expand the record to include the medical records from his 2024 surgery and to depose the doctor who performed that surgery is due to be denied. (Doc. 24 at 2). Mr. Reese already submitted his medical records relating to his 2024 treatment, including the imaging that led to his surgery and the surgery report (doc. 21), so the evidence he now seeks to add appears to be duplicative of evidence already before the court. In any event, the evidence postdates Dr. Sharpton's treatment of Mr. Reese and relates to an injury suffered because of a March 2024 fall. Further evidence about the surgery would not affect the resolution of Mr. Reese's claims against Dr. Sharpton for Dr. Sharpton's course of treatment in 2023.

Aside from Mr. Reese's objections, the court notes that the report and recommendation did not address Mr. Reese's request for injunctive relief in the form of an order requiring Dr. Sharpton or YesCare to transport him to a hospital for treatment. (Doc. 1 at 6–7). That request is moot because the medical evidence Mr. Reese submitted shows that he received treatment for his wrist in September 2024. (Doc. 21 at 25). Accordingly, the court **MODIFIES** the report to acknowledge Mr. Reese's request for injunctive relief and the court's finding that the request is moot.

As explained above, the court has considered Mr. Reese's "Motion for Summary Judgment" as a response in opposition to Dr. Sharpton's motion for summary judgment. To the extent Mr. Reese affirmatively seeks entry of summary judgment in his favor (*see* doc. 19), the court agrees that entry of summary judgment in favor of Dr. Sharpton moots that motion.

After careful consideration of the record in this case and the magistrate judge's report, the court **ADOPTS** the report and **ACCEPTS** the recommendation with the following modifications: (1) the clarification that the court considered Mr. Reese's "Motion for Summary Judgment" to be a response in opposition to Dr. Sharpton's motion for summary judgment as well as an affirmative request for entry of judgment; and (2) the acknowledgement of Mr. Reese's request for injunctive relief and finding that the request is moot because Mr. Reese has had wrist surgery since

he filed this case. Mr. Reese's motion for an evidentiary hearing, additional discovery, and appointment of counsel are **DENIED**. (Docs. 19, 24).

The court will enter a separate final judgment.

**DONE** and **ORDERED** this March 31, 2025.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE